FILED

98 JUL 17 AM 10: ??

CLERK U.S. DISTRICT C??

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
ex rel. E. FRANK GRISWOLD, III,

    Plaintiffs,

v.

LINCARE HOLDINGS, INC.,

    Defendant.

_____/

CASE NO: 98-1480-CIV-T-24E

~~FILED IN CAMERA AND UNDER SEAL~~

## COMPLAINT
## AND DEMAND FOR JURY TRIAL
(Federal False Claims Act)

### Preliminary Statement

This lawsuit is based on a scheme by the Defendant to defraud the United States Department of Health and Human Services, through its Health Care Financing Administration, by claiming reimbursement under Part B of Title VIII of the Social Security Act for excessive and unreasonable charges for durable medical equipment furnished to beneficiaries for use in the home.

Plaintiff E. Frank Griswold, III, by the undersigned counsel and acting on behalf of and in the name of the United States of America, brings this civil action under the Qui Tam provisions of the Federal False Claims Act, and alleges as follows:



## Jurisdiction and Venue

1.  This complaint is brought by Plaintiff E. Frank Griswold, III, acting on behalf of and in the name of the United States, against Defendant Lincare Holdings, Inc., under the Federal False Claims Act, 31 U.S.C. §§ 3729-3733. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1345, and 31 U.S.C. § 3732(a).

2.  Defendant Lincare Holdings, Inc., is a Delaware corporation with its principal executive offices located in Clearwater, Pinellas County, Florida, within the Middle District of Florida. Defendant transacts business nationwide through its principal offices within the Middle District of Florida.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(c) in that Defendant is a corporation with principal offices in the Middle District of Florida and transacts its business from within the Middle District of Florida. Venue is further proper in this District pursuant to 31 U.S.C. § 3730(a), because the Defendant can be found in , resides in, or has transacted business in the Middle District of Florida, and many of the alleged acts occurred in this District.

4.  None of the allegations set forth in this Complaint is based on a public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or General Accounting Office report, hearing, audit, or investigation, or from the news media.

5.    Plaintiff E. Frank Griswold, III, has direct and independent knowledge, within the meaning of 31 U.S.C. § 3730(e)(4)(B), derived through his contacts with the Defendant, of the information on which the allegations set forth in this Complaint are based, and he has voluntarily provided this information to the Government prior to the filing of this Complaint.

## **Parties**

6.    Plaintiff E. Frank Griswold, III(the "Relator"), a citizen of the United States and a resident of Hillsborough County, Florida, is suing in the name of and on behalf of the United States. Mr. Griswold is a Registered Respiratory Therapist (RRT) - credentialed by the National Board for Respiratory Care (NBRC), and licensed in the state of Florida by the Florida Department of Business and Professional Regulation, Board of Medicine Respiratory Care. Between May 18, 1995 and August 28, 1996, Mr. Griswold owned and operated his own small DME/Oxygen business as a qualified Medicare/Medicaid provider/supplier, and later learned of the matters set forth in this Complaint in connection with interviews he held with managers of Defendant Lincare Holdings, Inc.

7.    Defendant Lincare Holdings, Inc. ("Lincare"), is a Delaware corporation with its principal offices in Clearwater, Pinellas County, Florida, from which offices it transacts business

3

nationwide. Lincare is one of the nation's largest providers of oxygen and other respiratory therapy services to in-home patients, including the renting and selling of home oxygen equipment such as oxygen walker systems, oxygen concentrators, ventilators and liquid oxygen systems.

8.   The United States Department of Health and Human Services ("HHS"), acting by and through the Health Care Financing Administration ("HCFA"), is an agency of the United States responsible for, among other things, administering the Medicare and Medicaid programs. These programs include reimbursements to providers/suppliers of Durable Medical Equipment/oxygen ("DME") furnished to eligible beneficiaries for use in the home, covered under Part B, Title VIII, of the Social Security Act ("Part B Medicare").

## Statutory and Regulatory Background

9.   Durable Medical Equipment ("DME"), as defined by Part B Medicare, is equipment that: (1) can withstand repeated use; (2) is primarily and customarily used to serve a medical purpose; (3) generally is not useful to a person in the absence of illness or injury; and (4) is appropriate for use in the home. Oxygen and respiratory therapy services and devices provided by Defendant Lincare to in-home patients meet the definition of DME pursuant to the Medicare Carriers Manual, § 2100.1.

10.   Defendant Lincare is also a home health agency (HHA) participating in the Medicare program, and whose services in providing oxygen and respiratory services and devices are covered by Part B Medicare when furnished on a physician's certification that an individual is confined to home, needs oxygen or respiratory therapy, and is under a physician's care pursuant to a plan of care.

11.   The oxygen and respiratory services provided by Defendant Lincare qualify as "home health services" pursuant to the Social Security Act, 42 U.S.C. § 1395x (m), and further qualify as Durable Medical Equipment (DME) pursuant to 42 U.S.C. §1395x (n).

12.   Suppliers, such as Defendant Lincare, that sell or rent Medicare covered durable medical equipment, prosthetics, orthotics, oxygen and other supplies (called "DMEPOS") are required to qualify and adhere to minimum standards and certification in order to obtain a Medicare provider/supplier billing number, and certain regional carriers are designated to process all DMEPOS claims.

13.   Oxygen and respiratory therapy services and devices provided by  Lincare to in-home patients are covered by Part B Medicare, and are paid for by Medicare pursuant to fee schedules established by the regional carriers. Oxygen and respiratory equipment are reimbursed pursuant to a regional fee schedule set by the regional carriers for said class of equipment.

14.   Payments for DME's by in-home patients, and reimbursement by Medicare to providers of DME's for in-home patients, is normally

5

made on a monthly rental basis. Pursuant to the applicable statute, the amount of monthly rental payment authorized is the lesser of: (1) the actual charge for the equipment; or (2) an amount determined according to a payment formula. 42 U.S.C. §1395m(a)(1)(B). For oxygen and respiratory equipment, such as provided by Defendant Lincare, this payment formula is based on a weighted average of local and regional Part B Medicare past payment amounts. 42 U.S.C. § 1395m(a)(5) and (9).

15. The purpose of the statutory and regulatory scheme set by Congress and HHS for Part B Medicare payments and reimbursements is to promote the health and welfare of all citizens of the United States by helping to pay for the reasonable costs of health care furnished by non-government providers, such as Defendant Lincare, through the use of federal monies obtained from social security taxes. It is an important aspect of said statutory and regulatory scheme that health care costs be controlled as reasonably as possible through the prohibition of excessive and unreasonable charges.

16. Due to the size and complexity of the Medicare program, which includes the provision of health care services for millions of beneficiaries by tens of thousands of providers and suppliers of services, the opportunities for fraud, abuse and waste are considerable. Accordingly, fraudulent and abusive practices such as the charging of excessive and unreasonable costs by providers of services are strictly prohibited by the Social Security Act and its

amendments.

17.   The setting of payment formulae for the provision of oxygen and respiratory services and devices serves the purpose of setting ceilings for reimbursable costs. Where, however, the actual costs for such oxygen and respiratory services and devices are lower than that allowed by the payment formulae, the charging of the full payment formulae amounts by the private provider acts to deprive the Government of the opportunity to pay reasonable, as opposed to excessive, costs for such services and devices.

18.   Furthermore, the reimbursement by the Medicare program for provision of home oxygen and respiratory services, pursuant to Medicare regulations, is dependent upon accurate documentation of medical necessity through the administering of certain initial and recurring qualification tests to the patient, i.e., oxymetry testing. It is material to entitlement to reimbursement under the Medicare program that such accurate documentation of medical necessity be provided to the United States government in connection with reimbursement for such services, 42 C.F.R. §410.60 (a), and that such services be administered by qualified and licensed respiratory therapists or registered nurse. 42 C.F.R. §410.60(a)(3)(ii).

## The Fraudulent Scheme

19.   Starting in the early 1990's, Lincare devised a scheme

7

whereby it would charge the Medicare program for services and medical equipment substantially in excess of that to which it was entitled to under the laws and regulations of the Medicare program, and to do so through the submission of false claims and documents to the United States government.

20.    Starting in the early 1990's, and continuing through the date of this complaint, and in furtherance of its scheme, Lincare began negotiating separate contracts with private companies, smaller DME competitors, health maintenance organizations, PPO and insurance payors, hospitals, and clinics, whereby the amounts charged to such companies for DME's were substantially less than the reimbursement rates authorized by Medicare for the same equipment, product or service, and which charges to its non-Medicare payors more accurately reflected the actual cost and reasonable profit to Lincare of providing such equipment, product or service.

21.    Despite the disparity of prices for such equipment, Lincare continued to demand and receive from the Medicare program the full rate allowed by Medicare for such equipment, knowing that such charges did not reflect the lesser of either the actual charge for such equipment or the reimbursable rate allowed by Medicare.

22.    As a result of the conduct set forth above, Lincare received substantial moneys and profits from the Medicare program to which it was not entitled under the laws and regulations of the Medicare program.

23.    In addition, in furtherance of the scheme by Lincare to receive substantial moneys and profits from the Medicare program to which it was not entitled, and during the same time period, Lincare instituted procedures whereby it falsified the amounts of oxygen being provided to Medicare patients by engaging in a practice of "rounding up" the number of pounds of liquid oxygen actually being supplied to such patients. For example, if 61 pounds of liquid oxygen were provided to a patient, staff at Lincare were instructed to report that 65 pounds of liquid oxygen were provided, thus allowing Lincare to receive reimbursement from Medicare for substantially more liquid oxygen than was actually provided.

24.    In addition, in furtherance of the scheme by Lincare to receive substantial moneys and profits from the Medicare program to which it was not entitled, and during the same time period, Lincare instituted procedures whereby it falsified the need by patients for certain DME's, to wit, home oxygen units, which by law and by doctor prescription were to be provided to patients only if the patient demonstrated a current need for such equipment based on the levels of dissolved oxygen in the patient's blood, as determined by certain "oximetry tests." Lincare employee or contract respiratory therapists or other employed delivery personnel were instructed by management to artificially inflate the results of oximetry tests by instructing or assisting the patient to engage in physical activities immediately prior to administering the oximetry tests, which thus served to artificially decrease the levels of dissolved

9

oxygen in the patient's blood, and create the false appearance in the records of a need by the patient for the home oxygen units. These false results were then furnished to the prescribing physicians who would transfer such reported results onto their certificates of medical necessity or prescriptions, which Lincare would then submit with its claims for payment, as medical documentation that such patients required home oxygen in accordance with the required initial and recurring measurements of dissolved oxygen levels in the patients' blood.

25.  As a result of the aforesaid fraudulent schemes, Lincare obtained moneys and profits from the Medicare program to which it was not entitled through the use of false claims and documents.

## COUNT ONE - FEDERAL FALSE CLAIMS ACT

26.  Plaintiff/relator realleges and incorporates the allegations of paragraphs 1 through 25 above.

27.  This is a civil action by plaintiff/relator, acting on behalf of and in the name of the United States, against defendant Lincare Holdings, Inc., brought pursuant to The Federal False Claims Act, 31 U.S.C, §3729, et seq.

28.  The defendant has knowingly submitted false or fraudulent claims for payment, or caused false or fraudulent claims for payment to be submitted, to officials of the United States government, in violation of 31 U.S.C. §3729(a)(1).

29.  As a result of the defendant's conduct set forth in this

Count, the United States has suffered monetary damages, the exact amount of which is unknown at this time.

WHEREFORE, Plaintiff/relator E. Frank Griswold, III, demands judgment on behalf of the United States against defendant Lincare Holdings, Inc., in an amount equal to three times the damages the United States government has sustained because of the defendant's actions, plus a civil penalty of $10,000 for each violation of 31 U.S.C., §3729, together with attorneys' fees, costs and expenses, and relator seeks an award of the maximum allowed under 31 U.S.C. §3730(d).

## COUNT TWO - FEDERAL FALSE CLAIMS ACT

30.     Plaintiff/relator realleges and incorporates the allegations of paragraphs 1 through 25 above.

31.    This is a civil action by plaintiff/relator, acting on behalf of and in the name of the United States, against defendant Lincare Holdings, Inc., brought pursuant to The Federal False Claims Act, 31 U.S.C, §3729, et seq.

32.    The defendant has knowingly made or used, or caused to be made or used, false records and false statements, and caused them to be presented to the United States government Medicare program, in order to obtain reimbursement for health care services provided under Medicare Part B program, in violation of 31 U.S.C. §3729(a)(2).

33.    As a result of the defendant's conduct set forth in this

11

Count, the United States has suffered monetary damages, the exact amount of which is unknown at this time.

WHEREFORE, Plaintiff/relator E. Frank Griswold, III, demands judgment on behalf of the United States against defendant Lincare Holdings, Inc., in an amount equal to three times the damages the United States government has sustained because of the defendant's actions, plus a civil penalty of $10,000 for each violation of 31 U.S.C., §3729, together with attorneys' fees, costs and expenses, and relator seeks an award of the maximum allowed under 31 U.S.C. §3730(d).

## DEMAND FOR JURY TRIAL

Plaintiff/relator hereby demands that this matter be tried before a jury.

JAMES HOYER NEWCOMER FORIZS
& SMILJANICH, P.A.


By: _____
TERRY A. SMILJANICH
Florida Bar # 145359
4830 West Kennedy Blvd.
Tampa, FL 33609
Telephone (813) 286-4100
Fax (813) 286-4174
Attorneys for E. Frank Griswold III

12

**VERIFICATION**

E. FRANK GRISWOLD, III

STATE OF FLORIDA      )
                        )
COUNTY OF PINELLAS    )

     BEFORE ME, the undersigned authority, personally appeared E. **FRANK GRISWOLD, III**, who was sworn and says that he is the Plaintiff in the above-styled action and that he has read the foregoing Complaint and that each and every matter herein is true and correct.

     SWORN TO AND SUBSCRIBED before me by **E. FRANK GRISWOLD, III**, on this _____ day of July, 1998.

Personally known to me _____
Produced as identification _____

Notary Public

Alfred W. Scudieri
MY COMMISSION # CC484742 EXPIRES
July 30, 1999
BONDED THRU TROY FAIN INSURANCE, INC.

13